972 So.2d 1032 (2008)
Joseph MONDY and Matilde Mandy, Appellants,
v.
Louis SANCHEZ, Appellee.
No. 3D07-1221.
District Court of Appeal of Florida, Third District.
January 16, 2008.
*1033 Ron Cordon, for appellants.
Anthony F. Sanchez, Coral Gables, for appellee.
Before, COPE, RAMIREZ, and SALTER, JJ.
PER CURIAM.
Joseph and Matilde Mondy appeal an order granting specific performance of the sale of their duplex to Louis Sanchez. We conclude the trial court acted within its discretion in its determination that Sanchez had met his burden for specific performance and affirm.
This case was the subject of a prior appeal. Sanchez v. Mondy, 936 So.2d 35 (Fla. 3d DCA 2006). In the first appeal, Louis Sanchez appealed the entry of judgment for Joseph and Matilde Mondy in his suit for specific performance of the sale of a duplex. At the trial, the Mondys had called a handwriting expert to testify that Mrs. Mandy did not sign the contract, which testimony was the basis for the trial court's ruling in favor of the Mondys. This court determined that the requirements for admission of the expert's testimony were not met and remanded the case to the trial court for entry of a new judgment without consideration of the handwriting expert's testimony. On remand, the trial court determined that the testimony of the Mondys and their daughter was incredible and that without the handwriting expert's testimony, Sanchez had met his burden of proof. The court entered judgment for specific performance in
Sanchez's favor. This timely appeal followed.
The Mondys allege that the evidence was legally insufficient to support a decree of specific performance. They argue that Sanchez's witnesses, the real estate agent and the title agent, were interested witnesses because they would both gain financially if the transaction closed, and therefore their testimony should be disregarded. While those considerations may go to the weight of the evidence, they do not impact on the admissibility of the evidence. The decision whether to decree specific performance of a contract is a matter that lies within the sound judicial discretion of the trial court and it will not be disturbed on appeal unless it is clearly erroneous. Muniz v. Crystal Lake Project, LLC, 947 So.2d 464, 469 (Fla. 3d DCA 2006).
Given all the facts and circumstances of the case, we conclude that the trial court did not abuse its discretion because the evidence was legally sufficient and, therefore, specific performance was properly ordered. See generally Free v. Free, 936 Sad 699, 702 (Fla. 5th DCA 2006).
Affirmed.